UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0022-CVE |
| ) | |
| JOHN ELDRIDGE CONE, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are the Unopposed [sic] Motion to Suppress and Quash Filed Out of Time and Set Evidentiary Hearing (Dkt. # 34) and the Supplemental Motion to Suppress and Quash and Set Evidentiary Hearing (Dkt. # 47) filed by defendant John Eldridge Cone ("Cone"). Cone seeks to suppress evidence obtained through the execution of a search warrant at the residence located at 9305 E. 46th Pl., Tulsa, Oklahoma, on the evening of August 23, 2004. He also seeks to have the Court dismiss Count Four of the indictment against him on the grounds that there is insufficient evidence connecting him to the firearm found in the course of his arrest on December 15, 2004. A hearing on the motions was held on June 6, 2005.

**I.**

This is a three-defendant case in which defendant Cone is charged with conspiracy to sell and possess stolen firearms and overt acts, two counts of possession of a firearm and ammunition after former conviction of a felony, possession of stolen firearms, possession with intent to distribute methamphetamine, and use, carrying, and possession of firearms during and in relation to and in furtherance of a drug trafficking crime.

At 12:30 p.m. on August 23, 2004, Broken Arrow police officers made a traffic violation stop in Broken Arrow, Oklahoma. In the course of the stop, they recovered an amount of

methamphetamine from the person of one of the occupants, a black male. A female occupant of the vehicle told police that she had witnessed this man enter a house in Tulsa and return to the car with the methamphetamine. Although she did not give the address, she described the house with sufficient accuracy to allow police to identify it as the residence at 9305 E. 46th Pl. in Tulsa. Police then established surveillance at the house and observed a blue Oldsmobile with three occupants pull into the driveway. Only the driver got out and went into the house. He returned to the car after ten minutes and drove away. This activity, in addition to the information about possible drug sales, in the surveillance officer's training and experience, indicated a drug transaction. Shortly after leaving the house, the blue Oldsmobile committed a traffic violation and was stopped by Tulsa Police. The front seat passenger jumped out and fled on foot. A search of the vehicle produced four (4) ounces of marijuana. The driver of the car, Christopher Deshawn Coulter ("Coulter"), allegedly told police he had purchased the drug at 9305 E. 46th Pl. for about $1400, and that he believed more to be stored there.

Based on all this information, Tulsa Police Officer Anthony First ("First") applied for a warrant to search the residence. A Tulsa County District Court judge signed the warrant for a search of the residence at 9305 E. 46th Pl., Tulsa, Oklahoma. The warrant was executed on August 23, 2004, allowing police to recover approximately one pound of crystal methamphetamine, $3500 U.S. currency, scales, baggies, and numerous firearms, two of which had been reported stolen from a pawnshop in Parsons, Kansas. After waiving their Miranda rights, the occupants of the residence, defendant Cone and Tanesha Anderson-El, both stated that the guns and drugs belonged to them.

Defendant Cone asserts that the information in the affidavit attributed to Coulter regarding drug sales at the house in question is entirely false and that Coulter never made such statements.

A transcript of the state court preliminary hearing held on November 22, 2004 reveals that Coulter, at that time, denied ever having given a specific address.

There is no evidence that Officer First, or any other officers involved, acted other than in good faith in the preparation of the affidavit and execution of the warrant.

Defendant Cone seeks suppression of all evidence obtained through execution of the search warrant at his residence, alleging that Officer First intentionally included false statements in the affidavit in support of the warrant, and arguing that, without these statements, the affidavit contained insufficient facts to support probable cause for the search.

Where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires a hearing be held at defendant's request. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). If the hearing bears out defendant's claims, the warrant must be voided and fruits of the search excluded to the same extent as if probable cause were lacking on the face of the warrant. Id. at 156.

At the hearing before this Court on June 6, 2004, Officer First testified that Coulter made the statements as recited in the affidavit. Coulter did not testify, leaving the Court with only a transcript of the state court preceding in which he denied having made the statements recited in the affidavit, and in which the state court judge, in addressing a similar challenge to the same warrant, found his testimony not credible. Defendant Cone also presented a witness who testified to having witnessed at least three to four minutes of Coulter's visit to the residence at 9305 E. 46th Pl. (which police

testified lasted closer to 10 or 15 minutes in total),[1] and who claimed not to have seen any drug transaction take place. However, this testimony is irrelevant to the issue of the truthfulness of the statements included in the affidavit, since it does not directly address the question of what statements Coulter made to Officer First at the scene of the traffic stop. Further, the Court finds credible Officer First's testimony that Coulter did make the statements attributed to him in the affidavit. For these reasons, the Court finds that defendant has failed to show that Officer First knowingly and intentionally, or with reckless disregard for the truth, included any false statement in his affidavit in support of the August 23, 2004 search warrant.

Accordingly, defendant's motions to suppress the evidence obtained in execution of the warrant must be denied.[2]

## II.

Defendant Cone also seeks to have Count Four of the indictment against him dismissed, arguing that there is insufficient evidence connecting him to the firearm found in the course of his arrest on December 15, 2004.

On or about December 15, 2004, Tulsa Police received a call from a woman who said that a man, driving a white four-door Pontiac, had just threatened to come over and kill her. Officers went to her house. After some time, they observed a white four-door Pontiac drive by slowly. They

---

[1]   At the state court proceedings, Coulter also testified that he stayed for ten or fifteen minutes. United States' Response (Dkt. # 39), Transcript of Preliminary Hearing (attached as exhibit) at 37, ll. 2-19.

[2]   The government also argues that even if there had been no probable cause for the warrant without the statements attributed to Coulter, the evidence should not be suppressed because officers executed the warrant in good faith, as described in United States v. Leon, 468 U.S. 897 (1984). Because it has found no intentional or reckless inclusion of false statements, the Court does not reach this argument.

followed the Pontiac and attempted a traffic stop, but the Pontiac drove on to a residence on Zion Street. The driver, later identified as defendant Cone, immediately got out of the vehicle and ran toward the front door of the house. Cone attempted to open the door, but failed, and ran east around the residence. The officers pursued him into the back yard where they tackled him. There was a struggle, ending in defendant Cone being taken into custody. Afterwards, police searched the area and found a semi-automatic pistol, chamber loaded with five bullets in the magazine, within feet of where Cone was apprehended. The pistol was found lying on top of frost-covered grass, but itself had no frost on it, leading officers to believe it had just been dropped. The temperature at the time of the incident was near 20 degrees.

Cone argues that there is no evidence connecting him to the gun. Generally, an individual has "constructive possession" of an object when he knowingly has ownership, dominion, or control over that object and the premises where it is found. United States v. Colonna, 360 F.3d 1169, 1178-79 (10th Cir. 2004). "While caution must be taken that the conviction not be obtained by piling inference on inference, an inference of constructive possession is reasonable if the conclusion flows from logical and probabilistic reasoning." Id. at 1179 (quoting United States v. Lazcano-Villalobos, 175 F.3d 838m 843 (10th Cir. 1999)).

Cone points out that the government has offered no witness to his physical possession of the gun, and he asserts that the circumstantial evidence that the gun was nearby and frost-free is insufficient to establish the knowing dominion and control necessary for constructive possession. However, the government has sufficiently stated an offense in the indictment. It need not establish dominion and control at this stage. Rather, the question of dominion and control is an issue for trial.

**III.**

**IT IS THEREFORE ORDERED** that the motions to suppress (Dkt. ## 34 and 47) filed by defendant Cone are hereby **denied**.

**DATED** this 17th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT